IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:14-CR-264-D(01) |
| VS. | § | |
| | § | |
| MICHAEL BRENDAN O'CONNOR, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Brendan O'Connor ("O'Connor") moves for compassionate release and/or sentence reduction under 18 U.S.C. § 3582(c)(1)(A), for an extension of time, to limit arguments by the government, and for summary judgment. For the reasons that follow, the court denies the motions.

I

O'Connor pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) & (b)(1). On December 18, 2015 the court sentenced him to 360 months' imprisonment, followed by a life term of supervised release. O'Connor appealed his sentence, but his appeal was dismissed as frivolous. On July 29, 2025 O'Connor filed the instant motion for compassionate release and/or sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to respond, which it did on August 25, 2025. On September 3, 2025 O'Connor filed a letter notifying the court that he had not received the government's response and requesting "an exten[s]ion for any respon[s]es to

[his] timetable," D. Mot. (ECF No. 66) at 1; a motion to limit arguments by the government; and a motion for summary judgment. On September 16, 2025 O'Connor sought, and the court granted, an extension of time to file his reply. Under the court's September 17, 2025 order, O'Connor's reply was to be deposited in the prison mail system no later than October 17, 2025. As of the date of today's decision, no reply has been received, and O'Connor's motion is ripe for decision.

## II

The court begins with the motions O'Connor filed on September 3, 2025.

In the first motion (ECF No. 66), O'Connor requests "an exten[s]ion for any respon[s]es to my timetable." *Id.* Because the court has already granted O'Connor's September 16, 2025 motion for an extension of the reply deadline, it denies as moot O'Connor's September 3, 2025 request for this same relief.

In the second motion (ECF No. 67), O'Connor requests that the government be "barred from bringing any [argument] that was not presented during the time given to them before the hearing for [his] compa[ss]ionate release [motion]," on the ground that the government failed to respond to O'Connor's motion "in a timely [manner]." D. Mot. (ECF No. 67) at 1. In its July 30, 2025 order, the court directed the government to respond to O'Connor's motion no later than August 26, 2025. The government's response, filed on August 25, 2025, was timely. Accordingly, the court denies the relief O'Connor seeks in ECF No. 67.

In the third motion (ECF No. 68), O'Connor contends that because of his motion to

limit arguments by the government, "there can be no [argument] ag[ai]nst [his] motion for

. . . compassionate release," and that he is therefore entitled to summary judgment.  D. Mot.

(ECF No. 68) at 1.    Setting aside the procedural impropriety of O'Connor's

motion—summary judgment is a procedure available in a civil, not criminal, case—the court

denies it.  The government timely responded to O'Connor's motion for compassionate

release, and, even if it had not, the court would nevertheless deny the motion for the reasons

explained below.

## III

The court now turns to O'Connor's motion for compassionate release and/or sentence

reduction under 18 U.S.C. § 3582(c)(1)(A).

## A

A district court lacks inherent authority to modify a defendant's sentence after it has

been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First

Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by

the defendant after exhausting all BOP remedies, may reduce or modify a term of

imprisonment, probation, or supervised release after considering the factors of 18 U.S.C.

§ 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United

States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C.

§ 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*]  When deciding whether to modify a term of

_____

[*]Although O'Connor does not address exhaustion of administrative remedies in his
motion, the government contends that O'Connor requested a reduction in sentence from the

imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

In support of his motion, O'Connor contends that the following constitute "compelling reasons" that justify his release: he nearly died from COVID-19 in December 2022 to January 2023; he continues to suffer from low lung capacity, Asthma, COPD, and long COVID; and he has a "high chance of death and hospit[a]lization from any resp[ira]tory disease, espe[c]ially COVID," D. Mot. (ECF No. 61) at 1; the BOP has failed to properly treat his lung conditions; his ongoing health issues have hindered his ability to provide self care; he received a sentence enhancement based on crimes for which he was never indicted and the "lumping of distribution and possession [of child pornography] violates [his] due process rights," *id.* at 2; he has served more than 10 years of his sentence, received an unusually long sentence, and most criminal defendants charged with violating the same

BOP on two occasions (May 2024 and April 2025), that his first request was denied, and that his second request remains pending. Because doing so does not change the outcome of the decision on O'connor's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 4 -

statute receive 12 to 15 years' imprisonment; there have been changes to the United States

Sentencing Guidelines since O'Connor's sentencing; he is the only available caregiver for

his mother, who suffers from various health conditions; the mold and moisture in his prison

cell have exacerbated his medical issues, making it hard for him to breathe; and the refusal

of BOP to move him to a low security prison in Dallas, Texas has violated his Eighth

Amendment rights.

Because the court concludes below that O'Connor's motion should be denied after

considering the § 3553(a) factors, it will assume *arguendo* that O'Connor has shown at least

one extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed.

Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection

during COVID-19 pandemic constituted extraordinary and compelling reason for

compassionate release because district court did not abuse its discretion by concluding that

defendant remained danger to safety of others and that his immediate release would not be

in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to

modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C.

§] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also*

*Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i)

and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can

consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness

of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, O'Connor is currently serving a 360-month sentence for the transportation of child pornography. A forensic examination of his hard drives uncovered 785 images of confirmed child pornography, including 29 images that depicted the sexual exploitation of an infant or toddler, and 20 images that depicted sadistic or masochistic exploitation of a child. At sentencing, the presentence report placed him in criminal history category III due to two prior convictions, one for sexually assaulting a 14-year-old girl, and one for solicitation of a minor and possession of child pornography. Based on O'Connor's conduct and criminal history, he faced a guideline range of life imprisonment, but the statutory maximum for the offense to which he pleaded guilty was 480 months. The court ultimately sentenced him below the guideline range. O'Connor is not eligible for release from prison until December 21, 2039. If the court grants his motion, it will be ordering him released more than *14 years* before he would otherwise be eligible. In the court's view, the sentence

that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'"). Weighing the pertinent § 3553(a) factors together, the court concludes that O'Connor's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

IV

Although O'Connor seeks relief only under 18 U.S.C. § 3582(c)(1)(A), his motion challenges various aspects of his sentence, including, *inter alia*, the following: improper application of sentencing enhancements; changes to the sentencing guidelines that have occurred since his sentencing; a sentencing disparity between his conduct and the sentence he received; and the violation of his Eighth Amendment and due process rights.

- 7 -

To the extent that O'Connor's motion can be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). And insofar as O'Connor seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)).

Accordingly, to the extent that O'Connor challenges the legality of his underlying sentence, the court will not consider this challenge in deciding his motion under § 3582(c)(1)(A).

\* \* \*

Accordingly, the court denies O'Connor's July 29, 2025 motion for compassionate release and/or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). It also denies his September 3, 2025 motions for an extension of time, to limit arguments by the government, and for summary judgment.

**SO ORDERED**.

October 29, 2025.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE