IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal Action No. 3:14-CR-264-D(01) |
| VS. | § |
| | § |
| MICHAEL BRENDAN O'CONNOR, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Brendan O'Connor ("O'Connor") has filed a motion for extension of time, two motions for reconsideration, and a motion to appoint counsel. For the reasons that follow, the court denies the motions.

I

On July 29, 2025 O'Connor filed a motion for compassionate release and/or sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to respond, which it did on August 25, 2025. On September 17, 2025 the court granted O'Connor's motion for an extension of time to file a reply to the government's response and directed O'Connor to file a reply no later than October 17, 2025. O'Connor did not file a reply by the court-ordered deadline, and on October 29, 2025 the court entered a memorandum opinion and that, *inter alia*, denied O'Connor's July 29, 2025 motion. In its memorandum opinion and order, the court assumed *arguendo* that O'Connor had shown at least one extraordinary and compelling reason for release, but it denied the motion after considering the factors set

forth in 18 U.S.C. § 3553(a). It also held that, to the extent that O'Connor's motion could be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim is a motion to vacate sentence under 28 U.S.C. § 2255, and the court would not consider that challenge in deciding his motion under 18 U.S.C. § 3582(c)(1)(A).

On November 13, 2025 O'Connor filed a late reply in support of his July 29, 2025 motion for compassionate release. On November 25, 2025 he filed a motion for extension of time in which he moved for a reconsideration of the court's October 29, 2025 memorandum opinion and order, a motion for reconsideration seeking the same relief, and a motion for appointment of counsel. On December 15, 2025 he filed another motion for reconsideration of the court's October 29, 2025 memorandum opinion and order.

II

The court denies O'Connor's motions for reconsideration.

O'Connor has not presented any new, material information that the court did not already consider or account for in denying his July 29, 2025 motion for compassionate release. And to the extent that he continues to challenge the legality of his sentence or the current conditions of his confinement, neither a motion for relief under 18 U.S.C. § 3582(c)(1)(A) nor a motion for reconsideration is the proper vehicle to raise such arguments. *See United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to

challenge the legality of their confinement in federal court." (citations omitted)); *United States v. Hernandez-Miranda*, 2022 WL 1113122, at *2 n.6 (11th Cir. Apr. 14, 2022) (per curiam) ("To the extent that Hernandez-Miranda seeks to challenge his conditions of confinement, including alleged inadequate medical care, § 3582(c) is not the proper vehicle to do so. Rather, such claims are properly raised in a civil rights action under 42 U.S.C. § 1983." (citation omitted)).

Accordingly, for the reasons explained in the court's October 29, 2025 memorandum opinion and order and this memorandum opinion and order, the court denies O'Connor's motions for reconsideration filed on November 25, 2025 and December 15, 2025.

III

The court also denies O'Connor's November 25, 2025 motion for appointment of counsel.

A defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because O'Connor has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his motion.

**SO ORDERED**.

January 26, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 3 -